IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| **JOHN DOE,** | |
| **Petitioner,** | |
| v. | Case No. 7:23-cv-00274-RSB |
| **RADFORD UNIVERSITY, et al.,** | |
| **Respondents.** | |

**MEMORANDUM IN SUPPORT OF RESPONDENTS'**
**MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6)**

Respondents Radford University[1] ("RU") and Dr. Andrea Zuschin, Title IX Coordinator for RU (collectively "Respondents"), through counsel, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint for Injunctive Relief with Supporting Authority ("Complaint") filed by Petitioner John Doe ("Petitioner").

**I.   INTRODUCTION**

This lawsuit arises from Petitioner's desire to hold his Title IX hearing "in-person" rather than virtually by Zoom. Virtual hearings in the Title IX context, however, are not unconstitutional—much less violative of Title IX. At bottom, this is a meritless lawsuit, as the Eleventh Amendment bars Petitioner's claim against RU, and the Complaint fails to allege a Fourteenth Amendment due process claim or a Sixth Amendment Confrontation Clause claim as a matter of law. Accordingly, the Complaint should be dismissed in its entirety, with prejudice.

---

[1]   The Complaint identifies "Radford University" as a defendant, but Radford University is not a legal entity, and this pleading is submitted by the legal entity authorized to act on its behalf, "The Visitors of Radford University" (hereinafter "RU"). *See* Va. Code § 23.1-2100(A), (B).

## II.  FACTUAL ALLEGATIONS

This lawsuit arises out of a Title IX formal complaint filed on November 7, 2022 by Jane Roe ("Roe"), an undergraduate student at RU, against Petitioner, also a student at RU, for sexual assault. *See* ECF No. 1, Complaint ¶¶ 1, 15, 17. Respondents scheduled a formal hearing to occur remotely via livestream means, i.e. Zoom, on May 19, 2023 to adjudicate Roe's formal complaint. *See id.* ¶ 2. On April 18, 2023, Petitioner's Title IX advocate requested that RU conduct Petitioner's formal hearing as "a face-to-face hearing." *Id.* ¶ 26. In accordance with federal regulations and RU's Discrimination and Harassment Policy, Respondents denied Petitioner's request and elected to hold Petitioner's Title IX live hearing virtually with technology enabling the participants to simultaneously see and hear each other. *See id.* ¶¶ 27-29.

Petitioner brings the instant lawsuit, claiming that his due process rights will be violated if his Title IX hearing proceeds as a virtual, live hearing, with the opportunity to cross examine the witnesses against him. *See id.* ¶¶ 3, 47-48. As relief, Petitioner requests an order requiring Respondents to hold his Title IX hearing in person on RU's campus. *See id.* at p. 14.

## III.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) enables a party to move for dismissal by challenging a court's jurisdiction over the subject matter of the action. *See* Fed. R. Civ. P. 12(b)(1). A court must dismiss a case if the court finds subject-matter jurisdiction lacking. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The plaintiff bears the burden of proof to establish the existence of federal subject-matter jurisdiction. *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A court should dismiss a complaint that fails to plead facts showing the existence of subject-matter jurisdiction. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

### B.     Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint." *Allen v. Coll. of William & Mary,* 245 F. Supp. 2d 777, 783 (E.D. Va. 2003). In considering the complaint in the light most favorable to the non-moving party, a court must grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While detailed factual allegations are unnecessary, a plaintiff is obligated to provide the "grounds" of his "entitlement to relief" in the form of allegations that raise a right to relief above the speculative level, and this requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action. *Id.* 555. The plaintiff must show that there is more than a mere possibility that a defendant acted unlawfully. *See id.* 556.

In *Ashcroft v. Iqbal*, the Supreme Court of the United States explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009). Not only are legal conclusions not to be accepted as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). Additionally, the task is "context-specific," meaning the Court is allowed "to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.*

### IV.     ARGUMENT

####      A.     The Court Lacks Subject-Matter Jurisdiction

#####             i.     The Eleventh Amendment Bars Petitioner's Claims against RU

RU is immune from this federal court § 1983 action under the Eleventh Amendment. The Eleventh Amendment guarantees immunity in the federal courts for the individual states from "any suit in law or equity, commenced or prosecuted . . . by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This immunity encompasses actions against nonconsenting states by their own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890). And because public entities acting as an arm of the state are legally indistinguishable from the sovereign state, they are also immune from suit in federal court pursuant to the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Public state universities are arms of the state. *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 262 (4th Cir. 2005).

RU is an arm of the Commonwealth of Virginia and is, therefore, not subject to suit in federal court. The Virginia General Assembly created The Visitors of Radford University to govern all aspects of the administration of RU and provided that it "shall at all times be under the control of the General Assembly." Va. Code § 23.1-2100(A). Accordingly, the Eleventh Amendment bars Petitioner's § 1983 claims against RU, and RU should be dismissed from this lawsuit with prejudice pursuant to Rule 12(b)(1).

####      B.     The Complaint Fails to State a Claim Upon Which Relief Can Be Granted

#####             i.     Title IX Allows Virtual Hearings

The United States Department of Education ("DOE") promulgated regulations imposing "legally binding rules on recipients with respect to responding to sexual harassment" under Title IX, effective August 14, 2020. *Nondiscrimination on the Basis of Sex in Education Programs or*

*Activities Receiving Federal Financial Assistance*, 85 Fed. Reg. 30026, 30028-29 (May 19, 2020). At issue here, the regulations set out a grievance process to adjudicate formal complaints. *See* 34 C.F.R. § 106.45. This process includes a "live hearing" at which each party's advisor may directly and orally cross-examine parties and witnesses in real-time. *Id.* § 106.45(b)(6)(i). An in-person hearing, however, is not required: "[a]t the request of either party, the recipient must provide for the live hearing to occur with the parties located in separate rooms with technology enabling the decision-maker(s) and parties to simultaneously see and hear the party or the witness answering questions"; and "[l]ive hearings pursuant to this paragraph may be conducted with all parties physically present in the same geographic location or, at the recipient's discretion, any or all parties, witnesses, and other participants may appear at the live hearing virtually, with technology enabling participants simultaneously to see and hear each other." *Id.*

Under 34 C.F.R. § 106.45(b)(6)(i), "a postsecondary institution has discretion to hold a live hearing virtually, or to allow any participant to participate remotely, using technology." 85 Fed. Reg. at 30270. Specifically, because "sexual misconduct matters involve sensitive, often traumatic issues for victims of any age," this regulation permits the institution or either party to elect to hold the live hearing virtually using audiovisual technology. *Id.* at 30335. Moreover, the DOE has "determined that the full value of cross-examination can be achieved while shielding the complainant from being in the physical presence of the respondent," recognizing that "assessing demeanor is just one of the ways in which cross-examination tests credibility, which includes assessing plausibility, consistency, and reliability," so "any minimal reduction in the ability to gauge demeanor by use of technology is outweighed by the benefits of shielding victims from testifying in the presence of a perpetrator." *Id.* at 30355-56. In addition, "the Sixth Amendment's Confrontation Clause protects *criminal* defendants, and the Department is not

obligated to ensure that this provision would comply with the Confrontation Clause, which does not apply to a respondent in a noncriminal adjudication under Title IX." *Id.* at 30356.

Each institution's grievance process must comply with the DOE's Title IX regulations. *See* 34 C.F.R. § 106.45(b). In accord, RU's Discrimination and Harassment Policy, as updated on August 14, 2020 consistent with the effective date of the regulations, states that:

> Live hearings may be conducted with all parties physically present in the same geographic location or, at Radford University's discretion, any or all parties, witnesses, and other participants may appear at the live hearing virtually, with technology enabling participants to simultaneously see and hear each other. At the request of either party, Radford University will provide for the live hearing to occur with the parties located in separate rooms with the technology enabling the Decision Maker and parties to simultaneously see and hear the other party or the witness answering questions.

*See* Ex. A, Discrimination and Harassment Policy § 5(C)(9)(b)(viii)(e) (page 24 of 32). Pursuant to 34 C.F.R. § 106.45(b)(6)(i) and consistent with its Discrimination and Harassment Policy, RU has discretion to conduct the live hearing virtually. Here, Petitioner pleads that RU has exercised its discretion to conduct the live hearing virtually in the underlying proceeding and has "denied John's request for a live, in-person hearing." Compl. ¶¶ 2, 27. Neither the DOE regulations nor RU's policy permit Petitioner to demand that the live hearing be conducted in-person.

### ii. Petitioner Fails to State a Due Process Claim

As a matter of law, Petitioner's due process claim fails. To state a procedural due process claim, a plaintiff must show (1) that he had a property or liberty interest, (2) of which a state actor deprived him, (3) without due process of law. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1998); *Charlottesville Div. v. Dominion Transmission, Inc.*, 138 F. Supp. 3d 673, 698 (W.D. Va. 2015). The Complaint does not claim a liberty interest, and it fails to plead a cognizable property interest or that Petitioner was deprived of any process due to him.

a. **The Complaint Fails to Allege a Protected Property Interest**

A protected property interest cannot be created by the Fourteenth Amendment; rather, it is created or defined by an independent source. *See Equity in Ath. Inc. v. Dep't of Educ.*, 639 F.3d 91, 109 (4th Cir. 2011). To have a property interest supporting an entitlement to due process, a plaintiff must have more than a mere "unilateral expectation of it" or "abstract need or desire for it." *Id*. (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Instead, a plaintiff must have a legitimate claim of entitlement to it. *Roth*, 408 U.S. at 577.

Here, Petitioner claims that RU's Discrimination and Harassment Policy and "other RU policies" created a property interest in continued enrollment for Petitioner, whereby Petitioner could continue at RU without discipline except upon allegations of misconduct proven through a fair and reasonable process. Compl. ¶ 30. Neither the Supreme Court nor the Fourth Circuit, however, "has recognized a property right to continued enrollment in a public college or university" or "that the Commonwealth of Virginia has created such a right." *Doe v. Alger*, 175 F. Supp. 3d 646, 657 (W.D. Va. 2016). It has been repeatedly held that there is "no statutory right to be a public or private college university student." *M.B. v. McGee*, No. 3:16cv334, 2017 U.S. Dist. LEXIS 44796, at *27 (E.D. Va. Mar. 24, 2017) (quoting *Alger*, 175 F. Supp. 3d at 660); *see Abbas v. Woleben*, No. 3:13cv147, 2013 U.S. Dist. LEXIS 134446, at *19 (E.D. Va. Sept. 18, 2013) ("[C]ourt[s] have held conclusively that a student does not have a property interest in continuing enrollment in an educational program.") (citing *Davis v. George Mason,* 395 F. Supp. 2d 331, 335-36 (E.D. Va. 2005), *aff'd* 193 F. Appx 248 (4th Cir. 2006); *Nofsinger v. Va. Commonwealth Univ.*, No. 3:12cv236, 2012 U.S. Dist. LEXIS 97857, at *18-19 (E.D. Va. July 13, 2012), *aff'd* 523 F. Appx. 404 (4th Cir. 2013); *McCoy v. E. Va. Med. Sch.*, No. 2:11cv494, 2012 U.S. Dist. LEXIS 25777, at *6-7 (E.D. Va. Feb. 28, 2012)). Accordingly,

Petitioner's conclusory allegation that he had a property interest in his education because of RU's Discrimination and Harassment Policy and other policies fails.

### b. Petitioner Received All the Process Due to Him

Petitioner received all process due to him, and this Court should dismiss the due process claims with prejudice. "At its core, due process requires fair notice and an opportunity to be heard." *Doe v. Va. Polytechnic Inst. & State Univ.*, 400 F. Supp. 3d 479, 500 (W.D. Va. 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). "Beyond those threshold requirements, though, due process is 'flexible and calls for such procedural protections as the particular situation demands.'" *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

Indeed, the Fourth Circuit has expressly held that "trial-like proceedings" are not required to pass constitutional muster in a university student disciplinary or misconduct case. *Butler v. Rector & Bd. of Visitors of Coll. of William & Mary*, 121 Fed. Appx. 515, 519-20, 519 n.2 (4th Cir. 2005); *see Dixon v. Ala. State Bd. of Educ.*, 294 F.2d 150, 159 (5th Cir. 1961) (holding that a hearing that gives the university the opportunity to hear both sides in considerable detail for a disciplinary charge sufficiently protects due process rights, and a full-dress judicial hearing with the right to cross-examine witnesses is not required); *see also Henson v. Honor Comm. of U. Va.*, 719 F.2d 69, 74 (4th Cir. 1983) (adopting standard set forth in *Dixon*).

The Complaint pleads that Petitioner has received fair notice of the Title IX formal hearing and will have an opportunity to be heard at that hearing. *See* Compl. ¶¶ 2-3, 47-48. Due process requires nothing more. In addition, for the same reasons, the Complaint also fails to allege any facts to show that any state actor has deprived him of any process that is due to him. Petitioner's due process claim should be dismissed with prejudice pursuant to Rule 12(b)(6).

      **ii.     Petitioner Fails to State Any Claim under the Confrontation Clause**

The Sixth Amendment's Confrontation Clause applies only in criminal cases. The clause states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. 6. "The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'" *Austin v. United States*, 509 U.S. 602, 608 (1993). The Confrontation Clause is inapplicable to Title IX proceedings and does not afford Petitioner any right to confront his accuser in-person here. *See* Compl. ¶¶ 40-45. Thus, this claim should likewise be dismissed with prejudice pursuant to Rule 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, Respondents Radford University and Dr. Andrea Zuschin respectfully request that this Court grant their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), dismiss this case with prejudice, and strike it from the docket.

|  |  |
|---|---|
|  | **Respectfully submitted,** |
|  | **RADFORD UNIVERSITY and DR. ANDREA ZUSCHIN** |
|  | By: ___s/ Sheri. H. Kelly___ |
| Jason S. Miyares | Sheri H. Kelly (VSB No. 82219)* |
| Attorney General of Virginia | Assistant Attorney General |
|  | Office of the Attorney General |
| Steven G. Popps | 204 Abingdon Place |
| Deputy Attorney General | Abingdon, Virginia 24211 |
|  | (276) 628-2964 – Telephone |
|  | (276) 628-4375 – Facsimile |
|  | skelly@oag.state.va.us |
|  |  |
|  | Amy E. Hensley (VSB No. 80470)* |
|  | Assistant Attorney General |
|  | Office of the Attorney General |
|  | 202 North Ninth Street |
|  | Richmond, Virginia 23219 |
|  | (804) 786-1586 – Telephone |
|  | (804) 371-0200 – Facsimile |
|  | ahensley@oag.state.va.us |
| ***Counsel of Record** | *Counsel for Respondents* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I filed the foregoing document using the Court's ECM/ECF filing system, I filed the foregoing document using the Court's CM/ECF filing system, which will send an electronic notification of the same (NEF) to counsel of record for the petitioner.

                                                ___/s Sheri. H Kelly___
                                                Assistant Attorney General