IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23-cv-00274 |
| | ) | |
| v. | ) | Hon. Robert S. Ballou |
| | ) | United States District Judge |
| THE VISITORS OF RADFORD | ) | |
| UNIVERSITY and ANDREA ZUSCHIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff John Doe[1] is the subject of ongoing disciplinary proceedings at Radford University ("RU") for his alleged sexual assault of a fellow student. This past summer, RU informed Doe that the hearing to determine the veracity of the claims against him would occur virtually. Doe asked RU to conduct the hearing in person and, when RU refused, Doe filed this action under 42 U.S.C. § 1983 against Radford University and Andrea Zuschin, RU's Title IX Coordinator, alleging that the virtual nature of the hearing will violate his procedural due process rights under the Fourteenth Amendment. Doe seeks an injunction requiring the hearing to occur in person. The filings before the Court indicate that the hearing has not yet occurred.

This Court's jurisdiction is limited by the "case or controversy constraint of Article III." Scoggins v. Lee's Crossing Homeowners Ass'n, 718 F.3d 262, 269 (4th Cir. 2013) (internal quotations omitted); U.S. Const. Art. III § 2. Ripeness is "a constitutional limitation on federal court jurisdiction" that stems from the case or controversy requirement and "presents the threshold question [of] whether a claim is justiciable." Whitaker v. Monroe Staffing Servs., LLC,

---

[1] Doe states in the Complaint that he uses a pseudonym because of "the confidential nature of Title IX proceedings." Dkt. 1 at 1 n.1.

42 F.4th 200, 206 (4th Cir. 2022) (citing Scoggins, 718 F.3d at 269). There is "obvious overlap between the doctrines of standing and ripeness." South Carolina v. United States, 912 F.3d 720, 730 (4th Cir. 2019). The Court is "required to assure that such jurisdictional requirements are met" before proceeding to the merits of a claim. Whitaker, 42 F.4th at 206. The plaintiff bears the burden of establishing ripeness. Id.

"The question of whether a claim is ripe 'turns on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" South Carolina v. United States, 912 F.3d 720, 730 (4th Cir. 2019) (quoting Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 201 (1983)). The purpose of ripeness "is to require courts to avoid taking premature judicial action, thereby preventing them from becoming entangled in 'abstract disagreements.'" Scoggins, 718 F.3d at 270 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99, 105 (1977)). A case is not ripe "if the plaintiff has not yet suffered injury and any future impact remains wholly speculative." Doe v. Va. Dep't of State Police, 713 F.3d 745, 758 (4th Cir. 2013). On the other hand, a case is ripe when the "controversy is final and not dependent on future uncertainties." Id.

Neither party in this action has addressed the question of whether Doe's claim is ripe. The parties are hereby **ORDERED** to brief the issue of whether RU has yet deprived Doe of any due process. See Zinermon v. Burch, 494 U.S. 113, 126 (1990) ("The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."); Doe v. The Ohio State Univ., 136 F. Supp. 3d 854, 864–65 (S.D. Ohio 2016); Peloe v. Univ. of Cincinnati, No. 1:14-cv-404, 2015 WL 728309

2

(S.D. Ohio Feb. 19, 2015). The parties shall submit simultaneous briefing on the issue within 21 days of this order.

                                          Entered:  December 11, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge